IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 08-cv-02750-MSK-KMT

XTREME COIL DRILLING CORPORATION,

Plaintiff,

v.

ENCANA OIL & GAS (USA) INC., PACIFIC RIM ENGINEERED PRODUCTS (1987) LTD., KOBELT MANUFACTURING LTD., MAYCO INDUSTRIES GROUP,

Defendants.

---

**ANSWER AND JURY DEMAND OF DEFENDANT ENCANA OIL & GAS (USA) INC.**

---

Defendant EnCana Oil & Gas (USA) Inc. ("EnCana"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(a), respectfully submits this Answer to the Plaintiff's Complaint.

**Jurisdiction**

1. EnCana lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies the same.

2. EnCana admits the allegations set forth in Paragraph 2 of the Complaint.

3. EnCana lacks sufficient information to admit or deny the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies the same.

4. EnCana lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Complaint and, therefore, denies the same.

5. EnCana lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies the same.

6. Answering the allegations set forth in Paragraph 6 of the Complaint, EnCana admits that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

7. Answering the allegations set forth in Paragraph 7 of the Complaint, EnCana admits, upon information and belief, that the parties to this lawsuit are citizens of different states or subjects of a foreign state, and that there is complete diversity of citizenship among the parties.

**Venue**

8. Answering the allegations set forth in Paragraph 8 of the Complaint, EnCana admits that venue is proper in this district.

**Background Facts**

9. Answering the allegations set forth in Paragraph 9 of the Complaint, EnCana admits that Plaintiff is in the business of drilling oil and gas wells and that Plaintiff drills oil and gas wells using drilling rigs. EnCana further admits that Plaintiff's drilling rigs that were used in EnCana's operations were equipped with motorized drawworks. EnCana lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Answering the allegations set forth in Paragraph 10 of the Complaint, EnCana admits that in 2008 Plaintiff was using various rigs to drill wells for EnCana in the state of Colorado. EnCana further admits that on or about May 4, 2008, one of Plaintiff's rigs experienced a dangerous incident involving the rig's drawworks. EnCana further admits that Plaintiff and EnCana entered into various daywork drilling contracts that governed the parties' relationship. EnCana lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Answering the allegations set forth in Paragraph 11 of the Complaint, EnCana admits that Plaintiff suspended drilling activities of Rigs 6 and 7 following the incident involving Rig 6. EnCana denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Answering the allegations set forth in Paragraph 12 of the Complaint, EnCana admits that it properly terminated the contract between Plaintiff and EnCana based upon Plaintiff's failure to satisfy the requisite standard of performance set forth in the contract and cure various safety and performance issues. EnCana further admits that Plaintiff's breaches of the contract relieved EnCana's obligation to make further payments to Plaintiff, and that EnCana incurred certain costs as a result of the incident involving Rig 6. EnCana denies the remaining allegations set forth in Paragraph 12 of the Complaint.

**<u>Cause of Action against EnCana for Breach of Contract</u>**

13. EnCana incorporates its prior admissions and denials in response to Paragraph 13 of the Complaint.

14. EnCana denies the allegations set forth in Paragraph 14 of the Complaint.

**Cause of Action against PREP, Kobelt and Mayco for Strict Products Liability**

15. EnCana incorporates its prior admissions and denials in response to Paragraph 15 of the Complaint.

16. The allegations set forth in Paragraph 16 are directed to other defendants and therefore no response is required from EnCana. To the extent a response is required, EnCana denies the allegations set forth in Paragraph 16 of the Complaint.

**Cause of Action against PREP, Kobelt and Mayco for Negligence**

17. EnCana incorporates its prior admissions and denials in response to Paragraph 17 of the Complaint.

18. The allegations set forth in Paragraph 18 are directed to other defendants and therefore no response is required from EnCana. To the extent a response is required, EnCana denies the allegations set forth in Paragraph 18 of the Complaint.

19. EnCana denies each and every allegation of Plaintiff's Complaint not expressly admitted herein.

**First Affirmative Defense**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

2. Plaintiff may have failed to mitigate its alleged damages, if any.

**Third Affirmative Defense**

3. Plaintiff's claims may be barred or limited by the terms of the agreements, if any, with EnCana, and Plaintiff's breaches of the same.

**Fourth Affirmative Defense**

4. Plaintiff's claims may be barred by the doctrines of waiver, estoppel and laches.

**Fifth Affirmative Defense**

5. Plaintiff may lack the standing or the capacity to prosecute some or all of the claims asserted herein.

**Sixth Affirmative Defense**

6. Plaintiff's claims may be barred by its failure to perform or the non-occurrence of conditions precedent.

**Seventh Affirmative Defense**

7. Plaintiff's claims may be barred by a failure of consideration.

**Eighth Affirmative Defense**

8. Plaintiff's claims may be barred by accord and satisfaction.

**WHEREFORE**, having fully answered Plaintiff's Complaint, EnCana requests that the same be dismissed with prejudice; that EnCana be awarded its costs incurred in responding to the same, including reasonable attorney's fees and expert witness fees; and such other and further relief as the Court deems proper.

**Jury Demand**

EnCana hereby demands a trial by jury on all issues so triable relating to Plaintiff's Complaint.

Dated this 3rd day of March, 2009.

/s/ Paul J. Lopach____________________________________

Paul J. Lopach
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

ATTORNEYS FOR EnCana Oil & Gas (USA) Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of March, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Russell D. Weaver, Esq.
14275 Midway Road, Suite 220
Addison, Texas 75001

*/s/ Teri Armstrong* ___________________________________
Teri Armstrong