**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-02750-MSK-KMT

XTREME COIL DRILLING CORPORATION,

    Plaintiff,

v.

ENCANA OIL & GAS (USA), INC.,
PACIFIC RIM ENGINEERED PRODUCTS (1987) LTD.
KOBELT MANUFACTURING LTD., and
MAYCO INDUSTRIES GROUP,

    Defendants

---

**PROTECTIVE ORDER REGARDING PRODUCT PRESERVATION AND INSPECTION**

---

    This Protective Order Regarding Product Preservation and Inspection is entered pursuant to Fed. R. Civ. P. 26(c) to preserve, protect, and establish a procedure for inspection and testing of the products and components relevant to this case. This Protective Order was submitted to all counsel on June 1, 2009 and there are no objections to the entry of this Order.

    1.    **Definition of "Product(s)."** "Product" or "Products" means all parts, products, hardware, software, and components relevant to any of the claims or defenses at issue in this case. The term "Product" encompasses Rig 6 and any and all parts, components, materials, or similar products that exist, or which formerly existed, on any Rig relevant to this action, including Rigs 6, 7, 8 and 11.

2.     **Storage Locations and Custodian.**

a.     Rig 6 is currently located in Chicontepec Field near Poza Rica, Veracruz, Mexico and is in the custody and possession of Plaintiff Xtreme Coil Drilling Corporation ("Xtreme").  Xtreme shall preserve Rig 6 in its current condition at its current location until all parties to this action have performed at least one inspection of the Rig.  Xtreme shall make reasonable efforts to accommodate inspection and testing requests made pursuant to this Order, maintain and provide to the parties to this action a log of persons who have inspected or been given access to any Rig or Product, and be bound by the terms of this Order until resolution of this action.  Rig 6 shall remain at its present location unless Xtreme provides thirty (30) days advance notice to the parties of the proposed relocation.  If any party objects to the proposed relocation, the parties shall confer in good faith in an attempt to resolve the dispute.  If resolution cannot be promptly achieved, any party may bring the matter to the Court's attention upon filing an appropriate motion. The filing of such motion shall act to prohibit the relocation of the Rig until the Court resolves the matter.   Xtreme shall retain possession and custody of Rig 6 and all Products until at least thirty (30) days after a final resolution of this action.

b.     The draw works system that existed on Rig 6 at the time of the incident that gave rise to this action is currently in the custody and possession of Defendant Pacific Rim Engineered Products Ltd. ("PREP").  PREP shall preserve the draw works system and any other Products in its possession in their current condition and location.  PREP shall make reasonable efforts to accommodate inspection and testing requests made pursuant to this Order, maintain and provide to the parties to this action a log of persons who have inspected or been given access to the draw works or any Product, and be bound by the terms of this Order until resolution of this

2

action. The draw works shall remain at its present location unless PREP provides thirty (30) days advance notice to the parties of the proposed relocation. In the event that any party objects to the proposed relocation, notice of such objection shall be given to all parties. The parties shall confer in good faith in an attempt to resolve the dispute. If resolution cannot be promptly achieved, any party may bring the matter to the Court's attention upon filing an appropriate motion. The filing of such motion shall preclude the relocation of the draw works until the matter is resolved by the Court. PREP shall retain possession and custody of the draw works and all Products until at least thirty (30) days after a final resolution of this action.

    c.    All other parties to this action shall preserve any Product that is in that party's custody or control. The parties shall preserve any such Product in the Product's current condition and accommodate reasonable requests for inspection or testing made pursuant to this Order. All parties shall retain custody and control of all Products that are currently in their custody or control until at least thirty (30) days after a final resolution of this action.

    3.    **Persons and Entities Subject to Order.** This Order shall be binding on the parties to this action and their attorneys, officers, directors, employees, insurers, experts, consultants, agents, and other representatives.

    4.    **Inspection.** Inspection of any Product may occur only under the following conditions:

    a.    The party requesting the inspection shall serve upon all other parties a written notice of the requested inspection at least twenty (20) days before the date of the inspection. The notice of inspection shall include the date and time of the inspection, anticipated

length of the inspection, identity of the persons who will attend, and a description of the intended nature and scope of the inspection.

      b.      Any party who objects to the proposed inspection shall provide notice to all other parties within ten (10) business days of service of the inspection notice. No inspection shall occur until the parties resolve the objection to the inspection. The parties agree to use reasonable, good faith efforts to resolve the dispute. Resolution of the dispute shall be set forth in a written protocol agreed to by all parties. If the parties cannot resolve the dispute, the party seeking the inspection shall apply to the Court for assistance in resolving the dispute. No inspection shall take place until the dispute is resolved by the Court or agreement of the Parties.

      c.      Inspection of any Product shall not result in any change in the physical condition of the Product. Inspection may include videotaping, photographing, and inspection under microscopic viewing devices, but shall not include the taking of material samples from or application of chemicals, solvents, or dyes to the Product.

      d.      All parties shall have the right to have one or more attorneys, representatives, and/or experts present at any inspection conducted by another party. The parties agree to cooperate in the conduct of the inspection and to avoid interfering with the other parties' inspection, including, where applicable, videotaped inspection.

      e.      Subject to the Court's June 1, 2009 Order regarding inspections of Rig 6 in Mexico, the party requesting the inspection shall be responsible for payment of the reasonable costs incurred by the party in custody of the Product being inspected. If multiple parties participate in the inspection, those parties shall equally share the reasonable costs of the inspection. Reasonable costs include only those costs necessary to transport or display the

Product in a manner appropriate for the inspection and do not include travel, lodging, or attorney fees of any kind.

   f. All persons attending an inspection of any Product shall be provided with a copy of this Order.

  5. **Destructive Testing**.  Destructive testing of a Product may occur only under the following conditions:

   a. The party requesting the destructive testing shall serve upon all other parties written notice of the requested testing at least thirty (30) days before the date of the testing.  The notice of testing shall include the date and time of the testing, anticipated length of the testing, identity of the persons who will attend, and a protocol for the proposed testing, describing in detail what is to be accomplished and what is required to complete the testing.

   b. Any party who objects to the proposed testing shall serve notice of the objection upon all other parties within ten (10) business days of service of the testing notice.  No destructive testing shall occur until the parties resolve the objection to the inspection.  The parties agree to use reasonable, good faith efforts to resolve the dispute.  Resolution of the dispute shall be set forth in a written protocol agreed to by all parties.  If the parties cannot resolve the dispute, the party seeking the destructive testing shall apply to the Court for assistance in resolving the dispute. No testing shall take place until any dispute about it is resolved by agreement of the Parties or court order.

   c. Destructive testing includes removing material samples from any Product, application of chemicals, solvents, or dyes to any Product, disassembly of any portion of any Product that will alter or affect the integrity of the Product, cutting, scraping, swabbing, or taking

an impression of any Product, changing the position of any switch, knob, lever, device, or component of any Product, or alteration of software or other electronic signals controlling any Product. Destructive testing does not include nonmaterial changes to the condition of the Product such as addition of fingerprints, dust, or dirt occurring in the normal course of an inspection. The parties agree to take all reasonable steps to minimize changes in the condition of the Product involved in destructive testing.

      d.     All parties shall have the right to have one or more attorneys, representatives, and/or experts present at any testing conducted by another party. The parties agree to cooperate in the conduct of the testing and to avoid interfering with the other parties' testing procedure, including, where applicable, videotaping of the testing.

      e.     Subject to the Court's June 1, 2009 Order regarding inspections of Rig 6 in Mexico, the party requesting the testing shall be responsible for payment of the reasonable costs incurred by the party in custody of the Product being tested. If multiple parties participate in the testing, those parties shall equally share the reasonable costs of the testing. Reasonable costs include only those costs necessary to transport or display the Product in a manner appropriate for the inspection and do not include travel, lodging, or attorney fees of any kind.

      f.     All persons attending testing of any Product shall be provided with a copy of this Order.

6.	**Changes to this Order.**  The parties may deviate from any portion of this Order upon written agreement by all parties.

Dated this 3rd day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge