IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02750–MSK–KMT

XTREME COIL DRILLING CORPORATION,

      Plaintiff,

v.

ENCANA OIL & GAS (USA), INC.
PACIFIC RIM ENGINEERED PRODUCTS (1987), LTD.,
KOBELT MANUFACTURING, LTD., and
MAYCO INDUSTRIES GROUP,

      Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion for Leave to File First Amended

Complaint" [Doc. No. 53, filed June 4, 2009]. No response was filed by any Defendant to the

Motion.[1]

A Scheduling Order was issued on April 27, 2009 which provided that the deadline for

amendment of pleadings was June 11, 2009. Therefore, this Motion and proposed Amended

Complaint were timely filed. Further, the conclusion of discovery is March 1, 2010 and the final

---

[1] The Certification pursuant to D.C.Colo.LCivR 7.1(A) states, "Counsel for Defendant Pacific Rima (sic) Engineered Products (1987) Ltd. opposes this motion, particularly insofar as the first Amended Complaint adds new defendants." (Mot. at 1.) No other defendant voiced an objection to the filing of the Amended Complaint and Defendant Pacific Rim did not file a response to the Motion. Therefore, the court considers the Motion to be unopposed.

pretrial conference is set on August 3, 2010.  Given the period of discovery remaining, the court

finds there would be no prejudice to any defendant in granting the Motion.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend

the pleadings) when justice so requires."   *See also York v. Cherry Creek Sch. Dist. No. 5,*  232

F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits. In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given." Of course, the grant or
> denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d

444, 446 (10th Cir.1983).   Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

None of the *Foman* factors are present in this case.

Therefore, it is **ORDERED**.

The Plaintiff's "Motion for Leave to File First Amended Complaint" [Doc. No. 53] is

**GRANTED**.  The "First Amended Complaint," heretofore attached as Exhibit A to the motion

[Doc. No. 53-2], is and hereby will be filed by the Clerk of the Court.

Dated this 21st day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge