## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02750-MSK-KMT

XTREME COIL DRILLING CORPORATION

   Plaintiff

v.

ENCANA OIL & GAS (USA), INC.
PACIFIC RIM ENGINEERED PRODUCTS (1987) LTD.
KOBELT MANUFACTURING LTD.
1297835 ALBERTA LTD. D/B/A MAYCO INDUSTRIES GROUP,
GUIDE TECHNOLOGIES, INC.
RICK MASON
WES ARNOLD

   Defendants

---

## FIRST AMENDED COMPLAINT

---

### Jurisdiction

1.  Plaintiff **Xtreme Coil Drilling Corporation** ("Xtreme Coil") is a Texas corporation with its principal place of business in Casper, Natrona County, Wyoming.

2.  Defendant **EnCana Oil & Gas (USA), Inc.** ("EnCana") is a Delaware corporation with its principal place of business at 370 17th Street, Suite 1700, Denver, Colorado 80202.

3.  Defendant **Pacific Rim Engineered Products (1987) Ltd.** ("PREP") is a Canadian organization with its principal place of business at 9445 - 195th Street, Surrey, BC, Canada V4N 4G3.

4.      Defendant **Kobelt Manufacturing Ltd.** ("Kobelt") is a Canadian organization with its principal place of business at 8238 129th Street, Surrey, BC, Canada, V3W 0A6, Canada.

5.      Defendant **1297835 Alberta Ltd. d/b/a Mayco Industries Group** ("Alberta") is a Canadian organization with its principal place of business at 1108 - 5St., Nisku, Alberta, Canada T9E 8B6.

6.      Defendant **Guide Technologies, Inc.** ("Guide Technologies") is a Canadian organization with its last known principal address at 7047 Ventura Street, Delta, BC, Canada V4G 1H8.

7.      Defendant **Rick Mason** ("Mason") is believed to be a resident and citizen of Canada. Mason's address is unknown at this time.

8.      Defendant **Wes Arnold** ("Arnold") is believed to be a resident and citizen of Canada. Arnold's address is unknown at this time.

9.      The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

10.     This court has diversity jurisdiction of this case under 28 U.S.C. §1332(a)(3).

**Venue**

11.     A substantial part of the events or omissions giving rise to the claim stated herein occurred in this district.  Venue is proper under 28 U.S.C. § 1391(a)(2).

2

**Background Facts**

12.     Xtreme Coil is in the business of drilling oil and gas wells pursuant to drilling contracts with its customer.  Xtreme Coil uses drilling rigs ("rigs") for drilling the oil and gas wells. Each such rig includes motorized drawworks that are used for lowering items into (or toward) the well bore and for raising items from (or away from) the well bore.  Such drawworks include emergency brakes for stopping upward and downward movement of the drawworks when a dangerous condition, such as excessive lowering speed, occurs.  Such rigs also include a control system for maintaining the raising and lowering speed of the drawworks at a safe level.

13.     In May 2008, Xtreme Coil was using four rigs (Rigs 6, 7, 8 and 11) that included (1) drawworks designed and manufactured by PREP (the "PREP Drawworks") and (2) a control system designed and manufactured by Alberta (the "Alberta Control System").  The PREP Drawworks included emergency brakes designed and manufactured by Kobelt (the "Kobelt Brakes").  On information and belief, Guide Technologies, Mason and Arnold, assisted PREP in the design to the PREP Drawworks.  Rig 6 and Rig 7 were being used by Xtreme Coil to drill wells for EnCana in Colorado pursuant to a drilling contract between Xtreme Coil and Encana (the "Drilling Contract"). On or about May 4, 2008, while the drawworks of Rig 6 was lowering a top drive toward a well bore, the Alberta Control System failed to maintain the lowering speed of the drawworks at a safe level and the downward movement of the top drive began accelerating rapidly toward the floor of the rig. In view of this very dangerous condition, the Kobelt Brakes of the PREP Drawworks were activated. Such brakes, however, failed to stop the downward movement of the drawworks and the top drive causing damage to the top drive, to the floor of the rig and to the drawworks motor.

3

14.    As a result of the incident that occurred on or about May 4, 2008 and that is described in the preceding paragraph (the "Rig 6 Incident"), EnCana required Xtreme Coil to suspended drilling activities of Rigs 6 and 7 until the cause of the Rig 6 Incident could be determined and such cause corrected.  Such investigation determined that defects in both the Alberta Control System and the PREP Drawworks were defectively designed and that the Kobelt Brakes were defective.  As a result, out of safety concerns, Xtreme Coil suspended operations of Rigs 8 and 11 so that such defects could be corrected.  The total immediate damages suffered by Xtreme Coil as a result of the defects was $776,938.00 in costs to repair the damaged top drive rig floor of Rig 6 and to correct the defects of Rigs 6, 7, 8 and 11, plus $1,064,525.00 in income lost by Xtreme Coil during the time that operations of Rigs 6, 7, 8 and 11 were suspended.

15.    In October 2008, EnCana terminated the Drilling Contract early.  Under the terms of the Drilling Contract, EnCana currently owes Xtreme Coil $4,007,673.72, but has refused and failed to pay such amount.  In refusing to pay such amount, EnCana alleges (1) that it is entitled to a reduction of $502,643.00 as costs allegedly incurred by it as a result of the Rig 6 Incident and (2) that it is not obligated to pay charges in the amount of $3,448,385.00 because (i) such charges constitute a penalty and/or a further financial obligation beyond the termination date and (ii) the Rig 6 Incident constituted a failure to meet the standard of performance that allows EnCana to terminate the Drilling Contract early without penalty or any further financial obligation beyond the termination date.  While Xtreme Coil contends that EnCana is not entitled to any reduction in the amount owed based on any costs EnCana may have incurred as a result of the Rig 6 Incident and that the Rig 6 Incident did not constitute a failure to meet the standard of performance that allows EnCana to

4

terminate the Drilling Contract early without penalty or any further financial obligation beyond the termination date, and therefore that EnCana is obligated to pay the full $4,007,673.72, to the extent EnCana is entitled to any reduction in such amount or to recover anything from Xtreme Coil as a result of the Rig 6 Incident, such reduction and/or amount constitutes additional damages to Xtreme Coil caused by the Rig 6 Incident.

### Cause of Action against EnCana for Breach of Contract

16.     Xtreme Coil incorporates by reference all preceding paragraphs as if fully stated herein.

17.     The failure of EnCana to pay the amount owed under the Drilling Contract constitutes a breach of such contract.  As a result of such breach, Xtreme Coil is entitled to recover $4,007,673.72  in damages from EnCana.  In addition, under the terms of the Dr illing Contract, Xtreme Coil is entitled to recover its reasonable attorney's fees and costs in this matter.

### Cause of Action against PREP, Guide Technologies, Mason, Arnold, Kobelt and Alberta for Strict Products Liability

18.     Xtreme Coil incorporates by reference all preceding paragraphs as if fully stated herein.

19.     Xtreme Coil asserts that PREP, Guide Technologies, Mason, Arnold, Kobelt and Alberta are jointly and severally liable to Xtreme Coil under the theory of strict product liability as follows:

a. PREP, Guide Technologies, Mason, Arnold, Kobelt and Alberta were all engaged in the business of designing, manufacturing, testing, marketing and/or selling equipment being used by Xtreme Coil;

b. Such equipment was sold in a defective condition unreasonably dangerous to the user;

c. Such equipment was being used by Xtreme Coil without substantial change; and

d. Such defective condition was a proximate cause of damages to Xtreme Coil. Such damages are alleged to be at least $1,841,463.00 and to the extent EnCana is, as a result of the Rig 6 Incident, entitled to any reduction in the amount owed by Encana to Xtreme Coil or to recover anything from Xtreme Coil, such damages are increased by the amount of any such reduction or recovery.

**Cause of Action against PREP, Guide Technologies, Mason, Arnold, Kobelt and Alberta for Negligence**

20. Xtreme Coil incorporates by reference all preceding paragraphs as if fully stated herein.

21. Xtreme Coil asserts that the damages incurred by Xtreme Coil as a result of the Rig 6 Incident were proximately caused by the joint negligence of PREP, Guide Technologies, Mason, Arnold, Kobelt and Alberta and, therefore, that PREP, Kobelt and Alberta are jointly and severally liable to Xtreme Coil for such damages . Such damages are at least $1,841,463.00 and to the extent EnCana is, as a result of the Rig 6 Incident, entitled to any reduction in the amount owed by Encana

to Xtreme Coil or to recover anything from Xtreme Coil, such damages are increased by the amount of any such reduction or recovery.

### Demand for Jury Trial

22.    Plaintiff demands a trial by jury of the triable issues in this case.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Xtreme Coil prays that it have judgment against Defendants for:

A.    its actual and compensatory damages;

B.    pre-judgment interest as allowed by applicable law;

C.    post-judgment interest as allowed by applicable law;

D.    attorneys' fees and costs of court; and

E.    all such other relief, both legal and equitable, to which Plaintiffs may be justly entitled.

S/Russell D. Weaver
Russell D. Weaver
14275 Midway Rd., Suite 220
Addison, TX 75001
Telephone: 214-774-2181
Fax: 866-372-1227
E-mail: rdw@rdwlaw.net
Attorney for Plaintiff Xtreme Coil Drilling Corporation