IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02750–MSK–KMT

XTREME COIL DRILLING CORPORATION,

    Plaintiff,

v.

ENCANA OIL & GAS (USA), INC.
PACIFIC RIM ENGINEERED PRODUCTS (1987) LTD. and
1297835 ALBERTA LTD. d/b/a MAYCO INDUSTRIES GROUP,

    Defendants.

---

**ORDER**

---

This matter is before the court on Defendant 1297835 Alberta Ltd. d/b/a Mayco Industries's ("Mayco") "Motion To Amend Answer" ("Motion") (Doc. No. 98, filed January 29, 2010). Although Mayco's motion asserts that Plaintiff opposed this Motion (Mot. at 1), Plaintiff did not file a response. Accordingly, on February 23, 2010, Mayco filed a "Notice of Confession of [Mayco's] Motion to Amend Answer" ("Confession") (Doc. No. 103). The court reviews these submissions herein.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

Mayco seeks to amend its answer to add a counterclaim against Plaintiff for attorney's fees for bringing claims that are "substantially frivolous, substantially groundless, or substantially vexatious" and therefore "lack substantial justification" pursuant to Colo. Rev. Stat. § 13-17-102 (2009). (Mot. at 3; *see also* Mot., Ex. D at 6–7.) Although Plaintiff has not contested the Motion, the court notes that the deadline for amending pleadings was set by this court at June 11, 2009. Therefore, Mayco's motion is facially untimely.

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (internal citations

omitted). In the Tenth Circuit, whether a delay is "undue" depends "primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). "[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* at 1206 (quoting *Frank*, 3 F.3d at 1365-66). Thus, the court turns to whether Mayco has put forth an adequate explanation for its delay in filing the present Motion.

As justification for its delay in filing the present Motion, Mayco asserts that the factual support for its proposed counterclaim only arose from the recent depositions of two of Plaintiff's employees. (Mot. at 4.) More specifically, Mayco alleges that the testimony Plaintiff's Chief Operating Officer, and another of Plaintiff's employees—whose depositions took place on December 9, 2009 and December 22, 2009, respectively—demonstrate a clear void of any evidence that Mayco was responsible for the drilling incident giving rise to Plaintiff's claims against Mayco. (*Id.* at 4–7.) Because Plaintiff has not filed a response to the motion, the court assumes that the factual support did arise from these depositions, and not at any earlier point in this case. Accordingly, because Mayco's present motion was filed approximately one month after the support for the proposed counterclaim came to light, the court finds that Mayco has provided an adequate explanation for its delay in filing the present Motion.

Next, "the most important[ ] factor in deciding a motion to amend the pleadings[ ] is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v.*

*Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

In this case, Plaintiff will not be prejudiced by Mayco's proposed amendment because it involves the same subject matter underlying Plaintiff's claims against Mayco. More specifically, because the proposed counterclaim alleges that Plaintiff's claims lack substantial justification, pursuant to Colo. Rev. Stat. § 13-17-102 , it is thus entirely premised on the viability, or more accurately a lack thereof, of Plaintiff's existing claims against Mayco. Additionally, the court further notes that although the discovery deadline has recently passed, no trial date has been set in this matter. Accordingly, the court finds that Plaintiff will not be prejudiced if Mayco is permitted to amend its Answer.

Finally, there has been no showing of, and the court does not otherwise find, bad faith or dilatory motive, or futility. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423 (D. Colo. 2008) (noting that the sufficiency of a claim is better addressed by a Rule 12 motion after the operative complaint is in place than pursuant to a futility argument under Rule 15(a)).

Therefore, it is

**ORDERED** that Defendant Mayco's "Motion To Amend Answer" (Doc. No. 98) is GRANTED. The Clerk of Court shall file Mayco's "Amended Answer and Counterclaim" (Doc. No. 98-5).

Dated this 9th day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge