IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02750-MSK-KMT

XTREME COIL DRILLING CORPORATION,

        Plaintiff,

v.

ENCANA OIL & GAS (USA), INC., ET AL.,
1297835 ALBERTA LTD., d/b/a Mayco Industries Group,

        Defendants,

_____

**OPINION AND ORDER GRANTING, IN PART, MOTIONS
CONCERNING RIG 7 CLAIM**
_____

        **THIS MATTER** comes before the Court pursuant to Plaintiff Xtreme Coil Drilling Corporation's ("Xtreme") "Motion For Entry of an Order Regarding the Rig 7 Contract" **(# 189)**, and Defendant Encana Oil & Gas (USA), Inc.'s ("Encana") response **(# 196)**; and Encana's "Motion for Entry of Order Regarding Xtreme Rig 7" **(# 190)**, and Xtreme's response **(# 192)**.

        Xtreme commenced this action in December 2008. The Complaint **(# 1)** explained that Xtreme drills oil and gas wells for its customers, including Encana. In May 2008, Xtreme was operating two wells for Encana, known as "Rig 6" and "Rig 7," when certain rig machinery on Rig 6 malfunctioned, causing damage to the rig. Xtreme ceased production on both wells, pending an investigation into the cause of the accident. The Complaint goes on to explain that, in October 2008, Encana terminated its contract with Xtreme, owing a balance of more than $ 4 million to Xtreme. Xtreme asserts a single claim against Encana, sounding in breach of contract.

1

The parties' current dispute concerns whether Xtreme's breach of contract claim, as pled, encompasses Encana's alleged breach of contract as to both Rig 6 and Rig 7, or whether the breach of contract claim relates only to Rig 6.  Xtreme notes that both the original (# 1) and Amended Complaints (# 66) specifically identify a single agreement, identified as "the Drilling Contract," applying to both Rig 6 and Rig 7; argues that contracts and invoices relating to Rig 7 were produced by Xtreme in discovery; and points out that Encana itself has engaged in discovery and made arguments consistent with Rig 7 being at issue in this case.  By contrast, Encana notes that Xtreme did not produce the Rig 7 contract as part of its initial disclosures under Fed. R. Civ. P. 26(a)(1), points to testimony by Xtreme's corporate representative that seemingly disclaims Xtreme's pursuit of claims premised on Rig 7, and contends that Xtreme's current counsel effectively admitted that the Amended Complaint failed to adequately define the scope of Xtreme's breach of contract claim by seeking (unsuccessfully[1]) to file a Second Amended Complaint expressly including claims based on Rig 7.

Neither party has attempted to grapple with the difficult procedural questions posed by their unusual, late-breaking request for a ruling on the scope of the breach of contract claim.  It is not clear to the Court whether the motion(s) should be treated as a request by Xtreme for leave to amend the pleadings to clarify the scope of the claim, as a request by Encana to dismiss that portion of the claim that allegedly relates to Rig 7, as a request for discovery sanctions or a ruling that certain requested discovery material is or is not relevant to the breach of contract

---

[1] Although the Court nominally denied Xtreme's motion for leave to amend as being unduly dilatory and without good cause, it also acknowledged Xtreme's position that the Amended Complaint could be read to include claims based on Rig 7 even if leave to amend were denied.  The Court explained that the Amended Complaint "says whatever [it] says."

2

claim, as a motion for summary judgment based on Xtreme's corporate representative's testimony, or as some other procedural vehicle whose analytical standards and burden of proof are unspecified.

Having carefully considered the parties' positions, the Court elects not to attempt to determine whether the Amended Complaint does or does not adequately plead a breach of contract claim premised upon Rig 7. There is at least a facial identification in the Amended Complaint that Rig 7 is included within the phrase "the Drilling Contract" and that the "Drilling Contract" is the basis of the breach of contract claim as pled. Thus, were the Court to construe the motion(s) under Fed. R. Civ. P. 12(b)(6) standards, it would likely find Xtreme's pleadings to have sufficiently plead a breach of contract claim relating to Rig 7.

The discovery materials filed by the parties do not indicate that either side ever took a clear and unambiguous position regarding whether Rig 7 was or was not included in Xtreme's breach of contract claim; to the contrary, it appears both sides engaged in discovery without ever clearly addressing the question. The record reveals some uncertainty by Encana as to the scope of Xtreme's claim, but short of some ambiguous testimony by Xtreme's representative,[2] it does

---

[2]During his deposition, Kyle Swingle, Xtreme's representative, was shown a document identified as "Exhibit 2," which Encana's counsel described to him as "the contract at issue in this litigation." (Mr. Swingle concurred in that description.) In successive questions, Mr. Swingle was asked whether "Exhibit 2 pertains to Rig 6," and whether "Exhibit 6 doesn't govern Rig 6," and Mr. Swingle answered affirmatively to both questions. (In its argument, Encana has unilaterally "corrected" the transcription of the second question to refer to Rig 7, although no such correction is shown on the transcript's errata sheet.)

Immediately thereafter, Mr. Swingle was asked about a document identified as "Exhibit 103," which Mr. Swingle identified as one of Xtreme's invoices relating to Rig 7. Perhaps reflecting Encana's uncertainty as to the relevance of that document, Encana's counsel stated "we've established Rig 7 was not governed by the contract at issue in this litigation," to which Mr. Swingle replied, "that's right." Apparently voicing his confusion as to why a Rig 7 invoice was being provided by Xtreme, Encana's counsel then stated "[m]y understanding is that Xtreme

not appear that Encana conclusively ascertained Xtreme's position on the matter – *e.g.* through a Request for Admission or, at a minimum, discussions between counsel.

Perhaps recognizing that it cannot produce evidence of a clear and unambiguous waiver by Xtreme of any breach of contract claims premised upon Rig 7, Encana argues that Xtreme could – and should be required to – assert such claims "as a separate cause of action." Encana concedes that such a claim would be timely and could properly be brought in federal court. This concession, coupled with evidence that Xtreme at least colorably asserted a breach of contract claim premised upon Rig 7 in its pleadings, suggests that the most reasonable disposition of this issue is to construe Xtreme's Amended Complaint to include claims based on Rig 7 as part of its breach of contract claim. However, because the record does suggest that Encana may have been justifiably confused by Xtreme's representations – such as Mr. Swingle's testimony – as to Xtreme's claims regarding Rig 7, it is also appropriate to reopen discovery to permit Encana to explore any areas relating to Rig 7 that it may have chosen not to pursue during the initial discovery period.

Encana argues that including Rig 7 in Xtreme's breach of contract claim would result in prejudice, in that it would "require significant discovery, . . . a new round of dispositive motions, new expert analysis and opinions . . . , and delay[ ] a trial that the parties are prepared to

---

has calculated the amounts set forth in the invoice we've marked as Exhibit 103 as part of its alleged damages in this case, correct?," to which Mr. Swingle stated "The invoice was included in that money, yes." Still confused, Encana's counsel then asked "Should it be?" to which Mr. Swingle repled "We put it in there." Discussion then turned to other subjects, some of which included matters relating to Rig 7 as well as Rig 6.

It is not necessary for the Court to resolve Mr. Swingle's apparently inconsistent assertions regarding whether Xtreme's claims included Rig 7 or not. It is sufficient to note that his testimony was sufficiently unclear and ambiguous that Encana cannot rely on it as a clear disclaimer of Xtreme's intention to pursue remedies premised upon Rig 7.

commence on Rig 6," as well as "substantially compound[ing] Encana's attorney's fees and costs." With one exception, all of these items of alleged prejudice would be sustained by Encana regardless of whether claims concerning Rig 7 were resolved in this action or, as Encana urges, in a separate proceeding. The only particular prejudice that would occur to Encana by incorporating claims based on Rig 7 in this litigation would be that a trial on Rig 6 issues might be delayed. But no trial on Rig 6 has been scheduled, nor, for that matter, have the parties completed a Proposed Pretrial Order or Pretrial Conference with regard to the Rig 6 issues. Because there is no imminent trial on the Rig 6 issues, a brief and expedited process allowing discovery regarding Rig 7 to be completed will not materially delay trial in this matter. The Court does not anticipate that dispositive motions regarding Rig 7 will be necessary, insofar as it is highly likely that such a motion present the same factual issues as the parties' cross-motions for summary judgment on Xtreme's claim as it related to Rig 6. Those cross-motions were denied by the Court as presenting genuine issues of material fact requiring trial, and it is highly unlikely that the circumstances involved in Rig 7 would be resolved differently.

Accordingly, the Court concludes that, to the extent that the parties did not previously understand Xtreme's breach of contract claim to encompass unpaid invoices at Rig 7 in addition to Rig 6, that claim will be deemed to encompass both rigs. However, to permit Encana to complete any discovery it forewent based upon Xtreme's unclear position regarding the matter, the Court will briefly reopen the discovery period. Upon receipt of this Order, the parties shall confer regarding what discovery Encana requires to address any claims relating to Rig 7, and shall jointly contact the Magistrate Judge to set an expedited discovery schedule designed to address those needs. The schedule shall ensure that all discovery relating to Rig 7 shall be

5

completed within 60 days of the date of this Order.  Within 90 days of this Order, the parties shall jointly submit a revised Proposed Pretrial Order addressing all outstanding claims and issues, and shall jointly contact chambers to set a continued Pretrial Conference.  Absent a showing that a party's position regarding the claim premised upon Rig 7 is so patently without merit as to violate Fed. R. Civ. P. 11, neither party is granted leave to file dispositive motions with regard to the Rig 7 claim.

Accordingly, both parties' motions **(# 189, 190)** are **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

Dated this 15th day of August, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge